NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: patrick.rose@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Remedios Nelson, | Case No. 2:18-cv-01515-MMD-NJK |
| Plaintiff, | |
| v. | **Motion for Exception from Attendance Requirements for Settlement Conference** |
| United States of America, through the United States Postal Service, an agency of the Government of the United States of America, Does I-X; Roe Corporations I-X, | |
| Defendants. | |

Federal Defendant, the United States, moves for an order excepting it from certain requirements of the Order, ECF No. 39, setting a settlement conference, namely, "for a representative with binding authority to settle this matter up to the full amount of the claim or last demand made" to be present in person for the duration of the conference. Order 1:16-22. Federal Defendant respectfully requests that it be permitted to participate in the settlement conference via the personal attendance of Assistant United States Attorney Patrick A. Rose, who has litigated the case and has recommendation authority as to potential settlements.

This motion is based on the following Memorandum of Points and Authorities, along with all papers and pleadings on file.

Respectfully submitted this 7th day of February 2020.

NICHOLAS A. TRUTANICH
United States Attorney

*/s/ Patrick A. Rose*
PATRICK A. ROSE
Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. Introduction

This case arises out of a car accident on August 6, 2015 between Plaintiff Nelson and an employee of the United States Postal Service. Nelson was promptly admitted to the hospital where an orthopedic surgeon repaired her fractured right radius bone. Other asserted injuries and medical treatment are in dispute.

Following discovery and the entry of a joint pretrial order, the case has been set for a settlement conference on June 17, 2020. The Order setting the settlement conference requires, among other things, that "a representative with binding authority to settle this matter up to the full amount of the claim or last demand made" be present in person for the duration of the conference. Order 1:16-22, ECF No. 39.

Nelson has not made a settlement demand during the litigation. Her pre-litigation demand to the Postal Service was $510,000, and she is precluded from recovering more than that amount at trial, *see* Minute Order in Chambers, ECF No. 30.

### II. Discussion

The federal government is unlike other litigants in terms of geographic breadth, nature of issues, and number of cases. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984). The authority to settle most civil cases against the government rests with varying management personnel within the local United States Attorney's Office or at Department

of Justice ("DOJ") headquarters, depending on the dollar amount and the concurrence of the client agency. *See* 28 C.F.R. § 0.168(a); 28 C.F.R. Part 0, Subpart Y, Appendix. The settlement authority, which has been delegated to United States Attorneys for defensive cases, is limited to $1 million, and it may not be exercised where the client agency is opposed to the proposed settlement. *See* 28 C.F.R. § 0.168(d)(2); 28 C.F.R. Part 0, Subpart Y, Appendix (e)(1)(iii). Nelson's pre-litigation demand of $510,000 exceeds the amount of settlement authority delegated by the United States Attorney to the Civil Chief, and civil line AUSAs have not been delegated any standing settlement authority. With the client agency's (Postal Service's) financial losses of billions of dollars in recent years, and no funding or relief from Congress, the Postal Service has sought to lower its costs in a number of ways including reductions in personnel, facilities, and authorized travel for employees. The Postal Service's tort litigation section has a relatively small number of attorneys to address numerous claims and cases across the country.

As the advisory committee recognized, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16 advisory committee's note (1993 amendment, subdivision (c)). Additionally, a district court can consider alternative methods of participation, such as via telephone. *See United States v. United States Dist. Court*, 694 F.3d 1051, 1061 (9th Cir. 2012).

The United States Attorney's Office understands the importance of ENEs, settlement conferences, and other alternate dispute resolution techniques in resolving civil cases. This office has participated in many of them, in good faith, and consistent with the authority set forth in the applicable regulations. Recommendations (through the respective DOJ and client agency chains of command) regarding any particular settlement proposal in this case will originate with the assigned AUSA, undersigned counsel.

### III.  Conclusion

Based on the reasons and circumstances above, Federal Defendant respectfully requests that the Court grant this motion so as to as to allow AUSA Rose to personally attend and participate in the settlement conference in lieu of the personal attendance requirements otherwise set forth in the Order, ECF No. 39.

Respectfully submitted this 7th day of February 2020.

NICHOLAS A. TRUTANICH
United States Attorney


 _s/  Patrick A. Rose_____
PATRICK A. ROSE
Assistant United States Attorney


IT IS SO ORDERED.
Dated:  February 10, 2020
.
.
_____
Nancy J. Koppe
United States Magistrate Judge