UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REMEDIOS NELSON, | Case No.: 2:18-cv-01515-MMD-NJK |
| Plaintiff(s), | **Order** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

The requirements for proceedings with the settlement conference in this matter are simple and clear. Docket No. 39. One such requirement is that "[a]ll counsel of record" must attend. *Id.* at 1. As should be obvious from the docket, Plaintiff has two counsel of record: Matthew Pfau and Zachariah Parry. Because Plaintiff's settlement statement did not include Mr. Parry's email address, the Court issued a minute order requiring that it be submitted. Docket No. 44; *see also* Docket No. 43 (requiring submission of email addresses to facilitate the video for the settlement conference). Because Plaintiff's response to that minute order again did not include Mr. Parry's email address, the Court issued another minute order requiring that it be submitted. Docket No. 45. A paralegal for Mr. Pfau has now responded to a Court order by emailing the undersigned to inform the Court that: "Zachariah Parry no longer represents Remedios Nelson. He is no longer with this firm. Matthew Pfau is Remedios Nelson's only attorney of record." Mr. Pfau and his staff are hereby **ADMONISHED** as follows.

First, while the Court requires the submission of settlement statements by email in light of the current pandemic, Docket No. 43, the Court has never indicated that email is an appropriate means to otherwise communicate with the Court, *see* Local Rule IA 7-2(b) (strictly limiting *ex parte* communications). Mr. Pfau and his staff violated the local rules by seeking to respond to a Court order with an email.

Second, the Court is at a loss as to the factual basis for the emailed statement. The docket plainly reflects that Mr. Parry is in fact an attorney of record in this case. Indeed, Mr. Parry filed the complaint, among other documents. Docket No. 1. Quite obviously, then, Mr. Pfau is not the only attorney of record.

Third, to the extent there has been a change of counsel, it is the obligation of the attorneys to seek proper relief from the Court. *See, e.g.*, Local Rule IA 11-6. There is no change of counsel unless and until such a request is filed and granted. An email to a judge's chambers is not a proper means for effectuating a change of counsel.

In short, the Court issued an unambiguous order months ago that all attorneys of record must appear at the settlement conference. Docket No. 39 at 1. The Court provided a vehicle for seeking relief from the attendance requirements, *see id.* at 2, which Plaintiff did not utilize. At this juncture, Plaintiff still has two attorneys of record in this case and both will be required to appear for the settlement conference unless a proper request to withdraw is filed by 2:00 p.m. on June 12, 2020. Moreover, as discussed above, Mr. Pfau and his staff must be more mindful moving forward of the need to comply with the local rules and Court orders.

IT IS SO ORDERED.

Dated: June 11, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

2